UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY ADVISOR LEVERAGED COMPANY, et al.,<br><br>Defendants. | Case No.  1:24-cv-01584-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT (1) DEFENDANTS' MOTION TO DISMISS BE GRANTED; (2) THIS CASE BE DISMISSED, WITH PREJUDICE; AND (3) A PRE-FILING ORDER BE ENTERED AGAINST PLAINTIFF<br><br>(ECF No. 5)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY(30) DAYS |

Plaintiff Nathaniel Dwayne Caetano is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff brings claims of fraud, "intentional torts," and property damage against Fidelity Advisor Leveraged Company,[1] Fidelity Life Small Cap Fund, Depository Trust Company Corporation, and Fidelity Brokerage Services LLC ("Fidelity or "Defendants").  (*Id.* at 22-37).  Plaintiff's complaint is very lengthy—almost 300 pages including exhibits—with very long sentences and illegible handwriting.  Although not entirely clear, Plaintiff appears to allege that he has a right to certain bonds held by Defendants.

---

[1] In its motion to dismiss, Fidelity say that its proper name is "Defendant FIDELITY BROKERAGE SERVICES LLC" and that it was erroneously sued as "Fidelity Advisor Leveraged Company" and "Fidelity Life Small Cap Fund."  (ECF No. 5 at 9).

1

On December 31, 2024, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 5). Plaintiff did not file an opposition.

Defendants' motion to dismiss is now before the Court. For the reasons stated below, the undersigned recommends that the motion be granted.

## I.     BACKGROUND

### A. Plaintiff's Complaint

Plaintiff originally filed this action in in the Kings County Superior Court of the State of California on February 8, 2023. (ECF No. 1 at 17). On December 24, 2024, Defendants removed this action to the United States District Court for the Eastern District of California. (ECF No. 1).

Plaintiff's complaint totals approximately 271 pages. (ECF No. 1 at 22-293). He selects boxes for causes of action: "Fraud", "Intentional Tort" and "Other (specify)" (*Id.* at 17, 21).[2] As to the "Other" claim, Plaintiff seems to plead that Defendants are in possession of his registered security bond with the CUSIP #3158-5382. (*Id.* at 21). He says that he is seeking actual damages no less than $437,000,000.00 and punitive damages of $2.8 billion. (*Id.*). Plaintiff claims the bond "is [his] truthful legal inheritance that has been held in Trust since the Bible was written and prior if you want to get truthful." (*Id.* at 27).

Plaintiff's complaint contains the following allegations:

> Plaintiff is filing a Writ of Attachment #122380-NDC-1266 in conjunction with this Complaint with Fee waiver for the Kings County Sheriff to take possession of My Property, Registered Security, [redacted] and Bond CUSIP #315805382 as the "Levying Officer" unless the defendants turn over control, Ownership and Legal Title to My Registered Security, [redacted] and Bond CUSIP #315805382. Turn your attention to the Memorandum of Points and Authorities where Me, Attorney of Record, Attorney-In-Fact in this Complaint, Nathaniel Dwayne Caetano am pursuant to CA-Uniform Commercial Code 39012 (73), Secured Party Creditor to/of/for NATHANIEL DWAYNE CAETANO, Debtor because of Private Security Agreement #122380-NDC-1 and its One trillion U.S. dollar ($1,000,000,000,000.00 USD) Internation Commercial Lien on page 17 of the PSA, both Notarized on 21 June 21. Because of the usurping, failed insurrectionists of the "CDCR" and its agents or "principal" who've stolen Plaintiff's Money Order, then the CA-SOS and County of Kings illegally refusing to file Plaintiff's perfectly legal, legit Fictitious Business Name Statement

---

[2] At one point in the complaint, Plaintiff lists that he is bringing three fraud claims and three intentional tort claims. (ECF No. 1 at 17).

2

> #122380-NDC-63 (Kings County Recorder/Assessor/Clerk) nor TM-100 Trademark Registration of NATHANIEL DWAYNE CAETANO, #122380-NDC-15065 preventing Plaintiff from filing, or Me from filing My Uniform Commercial Code – 1 Financing Statement as Creditor- Secured Party on Debtor Plaintiff NATHANIEL DWAYNE CAETANO Me is having to have them filed by Court Order in case no. 22cv-0415 where CA-Secretary of State and County of Kings and CDCR are defendants.  That being said pursuant to CA-CCP's 482.050 Secretary of CA-UCC 9102 (74) the PSA #122380-NDC-1 and its trillion dollar lien makes Me Caetano Secured Party of CAETANO and thus legal standing to collect on this 15 USC Non-Negotiable Instrument that pursuant to United Nations Convention on International Trade Law (UNITRAL)  international Treaty on International Bills of Exchange this IS a legal tender instrument, Dated 8 December 1988.
>
> These "past" roadblocks are because the true Aristocracy of this planet are extraterrestrials, aliens, and the "geography" Me was indoctrinated with as a child isn't the true geography of Our, yes Our because Me is Officially Prasadat planet is Kings County, this Courts "District" is Iraq where My father Leonard Mathew Caetano was Saddam Hussein and Me, the natural person am the World Trade CENTER – Twin Towers of 1 Kings 7:21; the two Pillars of Jachin and Boaz (See Banknote #00529619 that is page two of Legal Instrument #41 with nine Esoteric deciphered truths explained on its face) and that Hanford California is also Hanford Washington where nuclear Plutonium is created (sovereign real births) and is Washington District of Columbia, Columbia being two Pillars, hi-column, and the last four digits of My Vital Record 1721 representing Me being Lord God incarnate, Rightful Heir to this planet and being thee Creator Am Prasadat, thus Sovereign of Iraq and Owner of the PROPHET corporation DISTRICT OF COLUMBIA also known as the UNITED STATES OF AMERICA.

(*Id.* at 25-26).  Plaintiff's complaint contains numerous similar allegations.  (*See generally id.*).  Plaintiff's complaint also contains cryptic, handwritten attempts to decipher documents, including Plaintiff's birth certificate.  (*Id.* at 41).

### B. Motion to Dismiss

Defendants move for the Court to dismiss Plaintiff's Complaint entirely, without leave to amend.  (ECF No. 5).  Defendants argue that Plaintiff's complaint fails to state a claim because it is void of facts, is unintelligible, and presents sovereign citizen ideology.  (*Id.* at 16).  Defendants also argue that Plaintiff's complaint failed to name an entity capable of being sued, and instead, named portfolio funds offered by Fidelity.  (*Id.* at 18). Defendants argue in the alternative that any claim is subject to arbitration based on the Account Application and the Customer Agreement, which contain pre-dispute arbitration clauses in which Plaintiff agreed to arbitrate.  (*Id.* at 19).

1  Defendants also argue that a pre-filing order is appropriate because Plaintiff is a vexatious
2  litigant. (*Id.* at 21).

3  Defendants served the motion to dismiss on Plaintiff at Kern Valley State Prison, where
4  Plaintiff is presently housed. (ECF No. 5 at 28). Plaintiff's deadline to file an opposition to the
5  motion was January 14, 2025, but he did not do so.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

\\\
\\\

4

**III.   ANALYSIS**

      **A. Defendants' Motion to Dismiss**

Defendants argue that Plaintiff's complaint should be dismissed for failure to state a claim because (1) "Plaintiff's causes of action are incoherent and entirely devoid of law or fact"; and because (2) "Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that Plaintiff's claims are rooted in the 'Redemptionist' theory of the sovereign citizen ideology." (ECF No. 5 at 16).[3]

Plaintiff did not file an opposition. Local Rule 230(c) provides that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Eastern District of California Local Rule 230(c). Additionally, the Ninth Circuit has determined that a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. *Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995). (dismissal upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); *see also Wystrach v. Chiachurski*, 267 F.App'x 6060, 609 (9th Cir. 2008) (explaining that the holding in *Ghazali* "refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule").

Here, Plaintiff has failed to oppose to the motion to dismiss. This reason alone is enough for the undersigned to recommend dismissal of the case.

Nevertheless, a review of the complaint on the merits shows that dismissal is appropriate. As Defendants explain, Plaintiff is alleging that because certain notes have similar numbers to some identification of Plaintiff, he has an ownership interest over those notes. (ECF No. 5 at 9). However, this is frivolous, and Plaintiff fails to allege any legitimate basis for owning any securities held by Defendant. (*See generally* ECF No. 1).

---

[3] Defendants also argue that (1) "Plaintiff's Complaint should be dismissed because Plaintiff failed to name an entity capable of being sued, and instead, named portfolio funds offered by Fidelity" and (2) should the complaint not be dismissed, the "the dispute must be compelled to arbitration." (ECF No. 5 at 18, 19). Because the Court agrees that the Complaint should be dismissed on other grounds, the Court need not address these two arguments.

Defendants claim that many of the allegations are patently frivolous, such as Plaintiff's theory of damages for his "intentional tort" claim:

> Should defendants fail to turn over full complete ownership of title to registered security, . . . the actual security, its account and lifetime ledgers and Bond CUSIP #315805382, the Actual Bond, and its entire Accounting Ledgers at the Writ of Attachment Hearing or prior maximum punitive damages will be sought that at 10x puts the Jury Award starting at $437,000,000.00 USD (Four hundred and thirty-seven million USD or more, 20x, 30x.) Turn, them over, or else…

(*See* ECF No. 5 at 11 (citing *See* Compl. at 15)).

Similarly, Defendants argue that the following portion of Plaintiff's complaint regarding damages[4] is also frivolous:

> Of Prophet Yahweh Satan-President Nathaniel Dwayne Caetano, Iraq/USA/U.S.A., mental pain and suffering, libel and defamation of character. The law states 72 times actual damages is NOT excessive, therefore, the 43.7 million USD x72 equals over $2.5 billion USD that will be sought should defendants stall of delay turning over my property and thereby freeing me from COOR custody!

(*Id.*).[5] Defendants also quote where Plaintiff explains how the bond relates back to him:

> 104 stands for J.D.= God Lord. 803 stands for 888 the Ahiye Asher Ahiye 543-345 moses PROPHET and CHRIST and the 4302 is the 71 days of Brahma. And my vital record #104-80-343027-1600-1721 is literally the deed to this entire f[*]cking planet.

(ECF No. 5 at 12 (citing Compl. at 17)).

"A complaint is frivolous only if it contains 'inarguable legal conclusions' or 'fanciful factual allegations.'" *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "[T]he frivolousness determination is a discretionary one" for the court. *Id.*

In his complaint, Plaintiff self-appoints himself as a prophet, claims to be God, and refers to himself as the President (sometimes spelled Prasadat). (*See, e.g.,* ECF No. 1 at 26, 27, 17).

---

[4] More specifically, this portion of the Complaint relates to Plaintiff's alleged damages for property damage, loss of use of property, loss of earning capacity, and "other" claim.

[5] The Court notes that Yahweh is the English spelling for the name of God ("YHWH") found in the book of Exodus. *Yahweh,* Encyclopedia Britannica, https://www.britannica.com/topic/Yahweh (last visited March 4, 2025). By referring to himself with this name, Plaintiff appears to be claiming he is God.

Courts have determined that complaints stating all three of these types of allegations are frivolous. *See, e.g., Mallon v. Padova*, 806 F. Supp. 1189, 1191-92 (E.D. Pa. 1992) (finding that plaintiff's allegations that he was God and the President of the United States were fantastic and delusional and finding the complaint frivolous); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 761 (E.D. Mich. 2001). ("[C]ourts have found allegations that a plaintiff is a deity to be fanciful, fantastic, and delusional."); *Sayyed v. Six Churches*, 705 F. App'x 770, 771 (10th Cir. 2017) (affirming the dismissal as frivolous the claims of a self-proclaimed prophet).

Additionally, Plaintiff's complaint is frivolous for making sovereign-citizen assertions. (*See generally* ECF No. 1). The predominant belief of the sovereign-citizen movement is that, even though the adherents physically reside in the United States, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. *See United States v. Gougher*, 835 Fed. App'x 231, 233 (9th Cir. 2020).

In his complaint, Plaintiff makes numerous statements that espouse sovereign citizen ideology, such as:

> 104 stands for J.D.= God Lord. 803 stands for 888 the Ahiye Asher Ahiye 543-345 moses PROPHET and CHRIST and the 4302 is the 71 days of Brahma. And my vital record #104-80-343027-1600-1721 is literally the deed to this entire f[*]cking planet.

(ECF No. 1 at 23). Although not clear, it appears that Plaintiff is claiming that he owns the entire planet. Similarly, Plaintiff also states:

> These "past" roadblocks are because the true Aristocracy of this planet are extraterrestrials, aliens, and the "geography" Me was indoctrinated with as a child isn't the true geography of Our, yes Our because Me is Officially Prasadat [sic] planet is Kings County. . .

(*Id.* at 26). It appears that Plaintiff is claiming that he is the sovereign of Kings County. Elsewhere in the complaint, Plaintiff asserts:

> [N]o "Judge can practice law from the bench and the writ of attachment requires Affidavits sworn under Oath under penalty of perjury under the laws of the State of California where Plaintiff is giving the "society" the chance to keep these Truths secret by Admiting [sic] Plaintiff Nathaniel Dwayne Caetano is President and Legal Lawful Owner of the District of Columbia – UNITED STATES OF AMERICA . . .

(*Id.* at 28). These types of arguments are persistent throughout Plaintiff's complaint. (*See generally id.*). The Court construes such as sovereign citizen arguments.

In addressing sovereign citizen ideology, the Ninth Circuit has held that:

> [Defendant's sovereign citizen] contentions are frivolous and the courts ordinarily reject similar contentions without extended argument. *See, e.g., United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting as frivolous defendant's contention that the district court lacked personal jurisdiction because defendant was a "freeman"); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as frivolous defendants' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' . . ."); *Kahler v. United States*, 1995 U.S. Dist. LEXIS 17299, *3 (D. Mont. 1995) (rejecting as specious defendants' argument "that they are not 'individuals' or citizens of the United States because they are Montana citizens.").

*United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, *5-6 (9th Cir. Apr. 14, 1999). Other federal courts have "flatly rejected 'sovereign citizen' and similar theories as 'frivolous, irrational [and] unintelligible.'" *Bendeck*, Civ. No. 17-00180 JMS-RLP, 2017 U.S. Dist. LEXIS 68168, at *8 (D. Haw. May 4, 2027); *see also Hunt v. Or.*, No. 2:22-cv-00273-CL, 2022 U.S. Dist. LEXIS 215411, at *8 (D. Or. Nov. 30, 2022) (dismissing the plaintiff's complaint for lack of diversity jurisdiction and noting that "[c]laims based on sovereign citizen arguments and ideology have been universally rejected as frivolous and will remain rejected here"); *Bey v. Geiser*, No. EDCV19844JGBKKX, 2019 U.S. Dist. LEXIS 240665, at *3 (C.D. Cal. May 21, 2019) ("Courts across the country have uniformly rejected such 'sovereign citizen' theories as frivolous, irrational, or unintelligible.") (collecting cases); *Alexio v. Obama*, Civ. No. 15-00209 HG-KSC, 2015 U.S. Dist. LEXIS 124485, at *5 (D. Haw. Sept. 15, 2015) (noting uniform rejection of sovereign citizen theories).

Moreover, other courts have specifically rejected Plaintiff's previous sovereign citizen arguments as frivolous. *See Caetano v. Internal Revenue Serv.*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023) ("Even while Plaintiff does not expressly state that he is a 'sovereign citizen,' the Court finds Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that Plaintiff's claims are entirely rooted in the 'Redemptionist' theory of the sovereign citizen ideology. The 'Redemptionist' theory is another frivolous legal theory that has been rejected by countless federal courts."); *Caetano v. Kings Cnty. Sheriff*, No. 1:22-CV-0261 JLT HBK, 2022 WL 1271344, at *3 (E.D. Cal. Apr. 28, 2022), *appeal dismissed*, No.

22-16067, 2022 WL 18358075 (9th Cir. Aug. 17, 2022) ("To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a 'Sovereign' and a vessel—courts uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless.").

Because Plaintiff's complaint in this case contains numerous sovereign citizen type assertions, the Court finds that Plaintiff's complaint is frivolous on this basis as well.

Furthermore, other Courts facing similar allegations by Plaintiff in other lawsuits have dismissed his complaints for being frivolous. Notably, in *Caetano v. Depository Trust Company*, Plaintiff made similar attempts to argue that he was the rightful owner of the same secured bond (CUSIP No. 315805382). As stated by the adopted Findings and Recommendations in that case,

> Plaintiff believes that he is able to create his own money by signing promissory notes. (*See* FAC at 10.) Plaintiff appears to allege that "Registered Security 104 803 4302" (the "Security") is a promissory note that he created and owns. (*See* FAC at 4; Doc. 1 at 5.) According to Plaintiff, as "Bond CUSIP No. 315805382" (the "Bond") is "backed/based upon the Security," Plaintiff is thus the rightful owner of the Bond and its alleged $43,700,000.00 value, not Defendants.
>
> Federal courts, however, have rejected this theory that a promissory note is money as entirely frivolous.

*Caetano v. Depository Trust Company*, Case No. 1:22-cv-679, ECF No. 11 at *4 (E.D. Cal. Aug. 2, 2022). That Court ultimately recommended dismissing Plaintiff's complaint, and the recommendation was later adopted by the district judge. (*Id.* at *6; *Caetano v. Depository Trust Company*, Case No. 1:22-cv-679, ECF No. 17 (E.D. Cal. Sept. 30, 2022). In this case, Plaintiff attempts to make the same claim that he is entitled to the very same bond based on similar frivolous theories. (ECF No. 1 at 21, 25).

Likewise, Plaintiff made substantially similar assertions in *Caetano v. Internal Revenue Services*:

> Plaintiff points to various data notated on a copy of his birth certificate appended to the SAC, explaining that they represent various biblical and other references, and asserts his birth certificate constitutes "the Deed and Title to this planet AND the DISTRICT OF COLUMBIA and UNITED STATES OF AMERICA making Me CEO and Prasadat of Iraq and U.S.A." (ECF No. 9 at 43.) Plaintiff also refers to himself at various points in the SAC as the "Sole Acting President of the United States of America" (id. at 9, 12, 18), the "attorney-in-fact, California General" (id. at 18), a "Secured Party Creditor" over himself (id. at 18), and the "real, living, natural Man Prophet Nathaniel Dwayne Caetano" (id. at 24).

9

*Caetano v. Internal Revenue Service et al.,* Case No. 1:22-cv-837, ECF No. 11 at *6 (E.D. Cal. May 9, 2023). The district judge in that case ultimately agreed that such allegations warranted dismissal and adopted the magistrate judge's recommendation to close the case. *Caetano v. Internal Revenue Service et al.,* Case No. 1:22-cv-837, ECF No. 13 (E.D. Cal. June 20, 2023).

Because Plaintiff is making substantially similar frivolous claims in this case, and claiming ownership of the same bond, dismissal is also warranted. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims.").

Accordingly, the undersigned recommends dismissal of the complaint for the reasons stated above.[6]

Moreover, the Court determines that granting leave to amend would be futile because of the frivolous nature of Plaintiff's allegations. *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### B. Vexatious Litigant

Defendants also request that the Court declare Plaintiff a vexatious litigant and subject him to pre-filing requirements. (ECF No. 5 at 21). Plaintiff did not oppose this request.

The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). These bar orders "may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman v. Quail Lodge*, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).

A request to declare a party a vexatious litigant entails consideration of four factors: (1) the party must have had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive

---

[6] Because the undersigned determines that dismissal of the complaint is appropriate for the reasons stated, the Court shall not address Defendants' arguments that they are improperly named or that Plaintiff 's complaint is subject to arbitration.

10

finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. *De Long*, 912 F.2d at 1147-48. "[P]re-filing orders are an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Id.* "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *DeLong*, 912 F.2d at 1148).

Moreover, litigiousness alone is insufficient to support a finding of vexatiousness. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were *frivolous or harassing* in nature rather than on the number of suits that were simply adversely decided. *See De Long*, 912 F.2d at 1147-48. The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012).

**1. Adequate Notice and Opportunity to be Heard**

Defendants argue that Plaintiff's opportunity to oppose the motion satisfies the first factor under *De Long*. (ECF No. 5 at 22).

The first factor requires that the litigant be given "notice and an opportunity to be heard before the district court entered the pre-filing order." *Molski*, 500 F.3d at 1058. In *Molski*, the Ninth Circuit opined that "Molski had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel." (*Id.*). Moreover, no hearing is required so long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding, in a case involving sanctions levied against an attorney, that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but instead that "[t]he opportunity to brief the issue fully satisfies due process requirements").

Here, Defendants gave Plaintiff notice of the possibility he might be declared a vexatious

litigant by filing the motion and serving it on Plaintiff. Plaintiff had the opportunity to oppose Defendants' Motion but elected not to file an opposition. Accordingly, the first *De Long* factor is satisfied.

**2. Adequate Record for Review**

Defendants argue that the second factor is satisfied because Plaintiff has brought at least sixteen prior lawsuits over the past five years, and in each of those lawsuits that reached a final determination, the case was decided adversely against Plaintiff. (ECF No. 5 at 22, 24).

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." (*Id.*).

Defendant submits the following cases as evidence that there is adequate record for review. Defendant also asks the Court to take judicial notice of these cases:

- *Caetano*, U.S. District Court, Northern District of California; Case No. 5:23-cv-1116 (May 4, 2023 Order dismissing Civil Rights claim as frivolous)
- *Caetano v. Board of State and Community Corrections et al.*, U.S. District Court, Eastern District of California; Case No. 1:22-cv-687 (May 26, 2023 Order dismissing claim without leave to amend for failure to state a cognizable claim)
- *Caetano v. California Department of Corrections*, U.S. District Court, Eastern District of California; Case No. 1:23-cv-1503 (Dec. 21. 2023 Order denying *in forma pauperis* application pursuant to the "three-strikes bar.")
- *Caetano v. California Dept. of Public Health, et al.,* Superior Court of California, Kings County; Case No. 22-CV-0415 (Docket showing Plaintiff's claim was dismissed with prejudice following a sustained demur)
- *Caetano v. David Robinson, et al.*; Superior Court of California, Kings County; Case No. 23-CU-0234 (Docket showing that Plaintiff's claim is still pending, waiting on a hearing for a Motion for Judgment on the Pleadings)
- *Caetano v. Denise Alena Caetano*, Superior Court of California, Kings County; Case No. 23-CU-0261 (Docket showing that Plaintiff's claim was dismissed after failing to show cause)
- *Caetano v. Depository Trust Company*, U.S. District Court, Eastern District of California; Case No. 1:22-cv-679 (Sept. 29, 2022 Order dismissing claim without leave to amend)
- *Caetano v. Internal Revenue Service et al.,* U.S. District Court, Eastern District of California; Case No. 1:22-cv-837 (June 19, 2023 Order dismissing Plaintiff's Second Amended Complaint with prejudice)

- *Caetano v. Internal Revenue,* U.S. District Court, Eastern District of California; Case No. 2:23-cv-1521 (Nov. 28, 2023 Order denying *in forma pauperis* application pursuant to the "three-strikes bar.")
- *Caetano v. Jeffrey E. Lewis*, Superior Court of California, Kings County; Case No. 19C-0256 (Docket showing the case was dismissed and Plaintiff filed an appeal, which was also dismissed)
- *Caetano v. Kings County Sheriff, et al.*, U.S. District Court, Eastern District of California; Case No. 1:22-cv-261 (April 27, 2022 Order dismissing lawsuit without leave to amend)
- *Caetano v. Kings County Sheriff, et al.,* U.S. District Court, Eastern District of California; Case No. 1:22-cv-222 (March 18, 2022 Order dismissing case for failure to state a claim)
- *Caetano v. Securities and Exchange Commission,* U.S. District Court, Eastern District of California; Case No. 2:23-cv-1329 (Jan. 9 2024 Order denying *in forma pauperis* application pursuant to the "three-strikes bar" and July 27, 2024 Order dismissing lawsuit)
- *Caetano vs. Theresa Cisneros*, Superior Court of California, Kings County; Case No. 22-C-0262 (Docket showing the case was dismissed following Plaintiff's inability to show cause as to why the action should not be dismissed)
- *Caetano v. United States of America, et al.* U.S. District Court, Eastern District of California; Case No. 1:23-cv-1648 (Nov. 30, 2023 Recommendation to dismiss and Jan. 8 2024 Order dismissing claim without leave to amend)

(ECF No. 5 at 22-23 n.7; ECF No. 5-1).[7]  At the time Defendants filed their motion to dismiss, Defendants say that Plaintiff's two other lawsuits were waiting for hearings on the Motion for Judgment on the Pleadings.[8]  Defendants represent that these are just the cases Plaintiff has filed since 2019.  (*Id.* at 15).

The Court takes judicial notice[9] of the cases submitted.  (ECF No. 5-1).  The Court also determines that these cases show that Plaintiff has filed at least 14 unsuccessful lawsuits that were

---

[7] Defendants also states that "Plaintiff has also filed eight Habeas Corpus applications that were denied, and while Defendant does not have access to these applications, it is very likely these all related back to this special security bond Plaintiff seeks."  (ECF No. 5 at 22 n.6).

[8] (*Id.*(citing *See* RJN, Exh. 5 & 7. *Caetano v. CA Dept. of Corrections and Rehabilitation, et al.,* Superior Court of California, Sacramento County; Case No. 23CV006665; *Caetano v. David Robinson, et al.*; Superior Court of California, Kings County; Case No. 23CU0234)).

[9] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

adversely decided against Plaintiff.[10]  Thus, the Court has an adequate record for review.

### 3. Substantive Finding

As to this factor, Defendants argue that (1) "the record demonstrates that Plaintiff has a history of filing lawsuits that are not only duplicative, but also harassing and vexatious;" (2) "to date, none of Plaintiff's efforts have been successful" but instead, "14 of the cases he filed within the last five years have been dismissed at the pleading stage for failure to state a claim or for failure to prosecute or appear;" and (3) "this Court has already ruled on this same claim brought by Plaintiff repeatedly, stating, 'Plaintiff's complaint lacks an arguable basis in both law and fact, and he does not state a plausible claim.'"  (*Id.* at 24 (citing *Caetano v. Kings County Sheriff, et al.*, U.S. District Court, Eastern District of California; Case No. 1:22-cv-261 (April 27, 2022 Order dismissing lawsuit without leave to amend))).

"The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis, inquiring whether the district court made substantive findings as to the frivolous or harassing nature of the litigant's actions."  *Molski*, 500 F.3d at 1050 (*quoting De Long*, 912 F.2d at 1148). To decide whether a litigant's actions are frivolous or harassing, a court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Id.* at 1058.  "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."  *Id.* at 1059. (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)).

The Court agrees with Defendant that Plaintiff's previous filings are both numerous and meritless.  Each of the 15 matters listed above demonstrate the frivolousness and harassing nature of Plaintiff's filings.  To date, none of Plaintiff's efforts have been successful.  Instead, 14 of the cases he filed within the last five years have been dismissed at the pleading stage for failure to state a claim or for failure to prosecute or appear.

Moreover, as mentioned above, Plaintiff has filed almost identical allegations in other previous cases, and the courts have dismissed those allegations as frivolous.  *Caetano v.*

---

[10] Of the fifteen cases submitted, the record reflects that one case is still pending: *Caetano v. David Robinson, et al.*; Superior Court of California, Kings County; Case No. 23-CU-0234 (Docket showing that Plaintiff's claim is still pending, waiting on a hearing for a Motion for Judgment on the Pleadings). (ECF No. 5-1 at 34).

14

*Depository Trust Company*, Case No. 1:22-cv-679, ECF No. 17 (E.D. Cal. Sept. 30, 2022); *Caetano v. Internal Revenue Service et al.,* Case No. 1:22-cv-837, ECF No. 13 (E.D. Cal. June 20, 2023).

These lawsuits, motions and appeals indicate a pattern of ignoring previous rulings, disobeying court orders and rules, pleading baseless conspiracy theories, and pursuing meritless positions. Without judicial intervention, Plaintiff will likely continue with his abusive tactics by filing frivolous complaints. Accordingly, the Court's substantive findings concerning Plaintiff's previous filings weigh in favor of limiting Plaintiff's ability to engage in future abusive, frivolous litigation.

### 4. Narrowly Tailored

Defendants ask that this Court issue a pre-filing order to protect both the Court and potential defendants from the burden of litigating Plaintiff's frivolous claims. (ECF No. 5 at 26).

A pre-filing order must be "narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061 (affirming a pre-filing order that appropriately covered only the type of claims Molski had been filing vexatiously).

The Court determines that a pre-filing order is warranted due to the vexatious nature of Plaintiff's previous litigation. However, such order must be narrowly tailored to curtail "the specific vice encountered." *De Long*, 912 F.2d at 1148. Accordingly, the undersigned will recommend that Plaintiff be limited from filing any federal lawsuits in this district without prior approval of a magistrate or district judge.

### IV.  CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is respectfully directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1. Defendants' motion to dismiss (ECF No. 5) be granted as follows:
   a. Defendants' motion to dismiss be granted;
   b. Defendants' request to deem Plaintiff a vexatious litigant be granted. Plaintiff shall be found to be a vexatious litigant and the Clerk of Court should be directed to not accept, without written authorization from a District Judge or

Magistrate Judge of this Court, any future filings from Plaintiff. *See* E.D. Cal. Local Rule 133(b)(2). To the extent that Plaintiff seeks such authorization in the future, he must submit a copy of this Order with any proposed filing. The Clerk of the Court shall forward any complaint filed to the Chief District Judge, or any Judge designated by the Chief District Judge, to review and determine whether permission to file should be granted.

2. This case be dismissed, with prejudice; and
3. All outstanding motions be denied as moot.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2025**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE